IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | 2:19-cr-163(2) |
| Plaintiff, | : | JUDGE MORRISON |
| v. | : | |
| | : | |
| LI CHEN, | : | |
| | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on July 24, 2019, an Indictment (Doc. 6) was returned in this case charging Li Chen, and others not named herein, with violations of 18 U.S.C. § 1343, 18 U.S.C. § 1349, and 18 U.S.C. § 1832. In accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the Indictment also contained forfeiture allegations notifying the Defendant that, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. §§ 1834 and 2323, she shall forfeit to the United States any property traceable to, constituting, and/or derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses alleged in the Indictment, including, but not limited to, assorted property described in the forfeiture allegations; and

WHEREAS, in the Plea Agreement (Doc. 95) filed on April 16, 2020, Defendant Li Chen agreed to plead guilty to Count One of the Indictment, which charged her with Conspiracy to Commit Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(5), and Count Five of the Indictment, which charged her with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.[1] Defendant Li Chen also agreed, in accordance with 18 U.S.C. §§ 1834 and 2323 and/or

---

[1] In accordance with Paragraph 10 of the Plea Agreement, the United States agrees to the dismissal of any remaining counts of the Indictment against the Defendant at the entry of the final judgment.

18 U.S.C. § 981(a)(1)(C), along with 28 U.S.C. § 2461(c), to voluntarily surrender for forfeiture to the United States all of her right, title, and interest in any intellectual property involved in the crimes to which she agreed to plead guilty to, including any intellectual property referred to in the allegations in the Indictment, and any intellectual property developed during, or related to, her employment at Nationwide Children's Hospital. The Defendant further agreed, in accordance with 18 U.S.C. §§ 1834 and 2323 and/or 18 U.S.C. § 981(a)(1)(C), along with 28 U.S.C. § 2461(c), to voluntarily surrender for forfeiture to the United States all of her right, title, and interest in all property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offense of 18 U.S.C. § 1832 to which she has agreed to plead guilty, and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses of 18 U.S.C. § 1832 and/or 18 U.S.C. § 1349, including, but not limited to, the following:

   a.  All of the Defendant's rights to receive a $450,000.00 cash payment from GenExosome Technologies, Inc., as a result of the "Stock Purchase Agreement" made an entered into as of October 25, 2017, between GenExosome Technologies, Inc., and co-Defendant Yu Zhou, and Beijing Jieteng (GenExosome) Biotech Co. Ltd;

   b.  500,000 shares of common stock of Avalon GloboCare Corp;

   c.  400 shares of common stock of GenExosome Technologies, Inc.; and

   d.  $1,445,908.97 in United States currency in the form of a forfeiture money judgment.

Defendant Li Chen agreed that the forfeiture money judgment represents a conservative estimate of the amount of proceeds that she received, and benefited from as a result of the offenses to which she has agreed to plead guilty, in addition to the other property listed above. The Defendant agreed to the entry of an Order of Forfeiture forfeiting the above listed property to the United States, including entry of the forfeiture money judgment against her, collectively "the subject property."

Defendant Li Chen further agreed that, in accordance with 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2323(b) and 28 U.S.C. § 2461(c), the United States is entitled to forfeit any of her property up to the value of the subject property as substitute assets; and

WHEREAS, on July 30, 2020, Defendant Li Chen entered a Plea of Guilty to Counts One and Five of the Indictment in accordance with her Plea Agreement; and

WHEREAS, based upon the record of this case and the agreement of the parties, the Court finds that the requisite nexus exists between the subject property and Counts One and Five of the Indictment, that the subject property is forfeitable under 18 U.S.C. §§ 1834 and 2323 and/or 18 U.S.C. § 981(a)(1)(C), along with 28 U.S.C. § 2461(c), and that the United States is now entitled to possession of the subject property.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1. That Defendant Li Chen shall forfeit to the United States the subject property that is:

   a. **All of Defendant Li Chen's rights to receive a $450,000.00 cash payment from GenExosome Technologies, Inc., as a result of the "Stock Purchase Agreement" made and entered into as of October 25, 2017, between GenExosome Technologies, Inc., and co-Defendant Yu Zhou, and Beijing Jieteng (GenExosome) Biotech Co. Ltd;**

   b. **500,000 shares of common stock of Avalon GloboCare Corp;**

   c. **400 shares of common stock of GenExosome Technologies, Inc.; and**

   d. **A sum of money equal to $1,445,908.97 in United States Currency in the form of a forfeiture money judgment.**

### Substitute Assets

**If, as a result of the acts or omission of Defendant Li Chen, any of the forfeitable property so described, or any portion thereof:**

   a. **cannot be located upon the exercise of due diligence;**

3

  b.  has been transferred or sold to, or deposited with a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

**the United States, in accordance with 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2323(b) and 28 U.S.C. § 2461(c), shall be entitled to seek forfeiture of any property of Defendant Li Chen up to the value of the above forfeitable property.**

  2.  That the designated agent with the United States Marshals Service or the Federal Bureau of Investigation shall immediately seize the subject property and hold same in his secure custody and control.

  3.  That the United States is authorized to conduct any discovery proper in identifying, locating, or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

  4.  That, in accordance with 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and of its intent to dispose of the subject property in such manner as the Attorney General may direct. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

  5.  That pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Li Chen at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, the United States may, as provided by Fed. R. Crim. P. 32.2(c)(2), notify the Court that this Order shall become the Final Order of Forfeiture.

6. That following the Court's disposition of all petitions filed in accordance with 21 U.S.C. § 853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

7. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**ORDERED** this 13th day of January, 2021.

HONORABLE SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


 s/Peter K. Glenn-Applegate
PETER K. GLENN-APPLEGATE (OH 0088708)
Assistant United States Attorney